UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| HOPE DAVILA, | : | CIVIL ACTION NO. |
| Plaintiff, | : | 3:14-cv-569 (JCH) |
| | : | |
| v. | : | |
| | : | |
| HUGH DOUGLAS | : | |
| Defendant. | : | |

ANSWER

HUGH DOUGLAS, by way of Answer to the complaint, says as follows:

I.      INTRODUCTION

1.   Defendant admits plaintiff is a resident of Connecticut, but denies she suffered injuries as a result of his harmful and offensive conduct.

II.      JURISDICTION

2.   Defendant admits diversity of citizenship pursuant to 28 U.S.C. § 1332, but denies the amount in controversy exceeds $75,000.

III.      VENUE

3.   Defendant admits venue is proper in the District of Connecticut.

IV.      PARTIES

4.   Defendant admits plaintiff is a resident of the State of Connecticut.

5.   Defendant admits he is a resident of the Commonwealth of Pennsylvania.

V.    FACTS

6.  Defendant admits he was involved in a physical relationship with plaintiff for approximately eight months; defendant denies keeping his marriage "hidden" from plaintiff.

7.  Defendant admits planning to spend an evening with plaintiff in his hotel room on September 22, 2013.

8.  Defendant admits plaintiff became upset and elected to leave the room.

9.  Defendant denies walking down a hall and removing plaintiff from an elevator.

10. Defendant denies the allegations in this paragraph in their entirety.

11. Defendant admits being substantially taller and larger than plaintiff, although the parties' exact height and weight at the time are unknown.

12. Defendant denies the allegations in this paragraph in their entirety.

13. Defendant denies the allegations in this paragraph in their entirety.

14. Defendant denies plaintiff lost consciousness in his presence, and admits she was in his bed during the course of the evening.

15. Defendant denies these allegations.

16. Defendant has no knowledge of these allegations and leaves plaintiff to her proofs.

17. Defendant admits suggesting to plaintiff that she may have had a concussion and asking her to stay until she was able to travel.

18. Defendant denies ever preventing plaintiff from leaving his room.

19. Defendant has no knowledge of these allegations andleaves plaintiff to her proofs.

20. Defendant has no knowledge of these allegations andleaves plaintiff to her proofs.

21. Defendant has no knowledge of these allegations andleaves plaintiff to her proofs.

22. Defendant has no knowledge of these allegations andleaves plaintiff to her proofs.

23. Defendant has no knowledge of these allegations andleaves plaintiff to her proofs.

24. Defendant admits he was questioned by police and was subsequently charged with assault.

25. Defendant has no knowledge of these allegations andleaves plaintiff to her proofs.

26. Defendant has no knowledge of these allegations andleaves plaintiff to her proofs.

27. Defendant has no knowledge of these allegations andleaves plaintiff to her proofs.

28. Defendant admits pleading no contest to a breach of the peace in Connecticut, which plea has no evidential value in a civil proceeding.

29. Defendant denies assaulting plaintiff.  Defendant admits plaintiff routinely invaded his privacy by examining his telephone and other electronic devices in an effort to learn of any other relationships with women.  Defendant also admits one physical confrontation with plaintiff in which plaintiff struck defendant in the face with sufficient force to cause a nose bleed.

30. Defendant denies assaulting plaintiff, but admits they had multiple disagreements.

31. Defendant denies assaulting plaintiff, but admits they had multiple disagreements.

32. Defendant denies assaulting plaintiff, but admits they had multiple disagreements.

33. Defendant denies assaulting plaintiff.

34. Defendant denies assaulting plaintiff.

35. Defendant denies any conduct that caused plaintiff to suffer out of pocket expenses.

## VI. COUNT ONE

36. Defendant restates his previous responses as though set forth at length herein.

37. Defendant denies the allegations in this paragraph.

38. Defendant denies the allegations in this paragraph.

39. Defendant denies the allegations in this paragraph.

## VII. COUNT TWO

40. Defendant restates his previous responses as though set forth at length herein.

41. Defendant denies the allegations in this paragraph.

42. Defendant denies the allegations in this paragraph.

43. Defendant denies the allegations in this paragraph.

## VIII. PRAYER FOR RELIEF

WHEREFORE, defendant demands the complaint be dismissed, with costs.

### FIRST SEPARATE DEFENSE

Plaintiff's complaint fails to allege the elements necessary to diversity jurisdiction.

### SECOND SEPARATE DEFENSE

Plaintiff's complaint does not give rise to a matter in controversy exceeding $75,000.

### THIRD SEPARATE DEFENSE

Plaintiff intentionally contributed to the conduct giving rise to her claims, and as such those claims are subject to contributory or comparative negligence, or assumption of the risk attendant to the circumstances.

FOURTH SEPARATE DEFENSE

At all relevant times herein, plaintiff participated in or consented to acts underlying her claims.


RESPECTFULLY SUBMITTED,
THE DEFENDANT


BY:   __/s/ Corey J. Brinson_____
Corey J. Brinson
Federal Bar No.: CT26973
Law Office of Corey J. Brinson
750 Main Street
Suite 902
Hartford, CT 06103
Telephone No.: 860-523-1220
Facsimile No.:   860-231-9200
E-mail: corey@brinsonlegal.com